UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA MEDEIROS,<br>   Plaintiff,<br><br>v.<br><br>CITY OF SOMERVILLE,<br>and MICHAEL SILVA, in his<br>individual capacity,<br>   Defendants. | Civil Action No. 10-10704-PBS |

**FIRST AMENDED COMPLAINT**
**(Leave to File Granted on October 18, 2010)**

## INTRODUCTION

1. Plaintiff Maria Medeiros brings this civil rights action against Somerville police officer Michael Silva and the City of Somerville for injuries she suffered after Defendant Silva used unnecessary and excessive force upon her, falsely arrested her and maliciously initiated criminal prosecution in violation of Mrs. Medeiros's Fourth and Fourteenth Amendments to the United States Constitution and under the laws of Massachusetts.

2. On August 19, 2008, Mrs. Medeiros was a 47 year old model citizen with no criminal record. On that date, Defendant Silva responded several times to calls for a domestic dispute involving a couple who lived next door to Mrs. Medeiros. Upset that he had to respond again to that location, he took out his frustrations against Mrs. Medeiros, an innocent bystander. Although Defendant Silva had no lawful reason to touch Plaintiff, he pushed her up against a wall and pepper-sprayed her in the eyes. In an attempt to cover up his misconduct, Defendant Silva falsely charged Mrs. Medeiros with disorderly conduct, resisting arrest and assault and battery on a police officer. These baseless charges were dismissed in court.

1

3. Plaintiff's injury was caused by the City of Somerville's policies and customs of tolerating use of unreasonable and excessive force and failure to take action before this incident to properly supervise and discipline its police officers in general and officer Silva in particular. The City's initial response was to turn a blind eye to Silva's wrongdoing, refusing to investigate Mrs. Medeiros's complaint that was filed on the same date of the incident as well as at least seven other complaints against Defendant Silva by various individuals who witnessed the incident. It was not until almost two years after the incident, and only after this civil action was filed, that the City decided to investigate the plaintiff's complaint. Ultimately, the City correctly determined that officer Silva had used force on Mrs. Medeiros when no force was necessary. Defendant Silva resigned from the Somerville Police Department rather than face charges. However, the City's action came too late to protect Mrs. Medeiros from Defendant Silva.

**JURISDICTION**

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367 to hear and decide claims arising under M.G.L. c.12, §11 and Massachusetts tort law.

**PARTIES**

5. Plaintiff Maria Medeiros was at all times material to this complaint a resident of the Commonwealth of Massachusetts.

6. Defendant Michael Silva was at all times material to this complaint a police officer in the City of Somerville. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Somerville. He is sued in his individual capacity.

7. Defendant City of Somerville is a municipal corporation located in Middlesex County, Commonwealth of Massachusetts, and was at all times material to this complaint, the public employer of Defendant Michael Silva.

**FACTS**

8. On August 19, 2008, Mrs. Maria Medeiros was a 47 year old model citizen with no criminal record. She was at her home in Somerville where she had lived for 35 years.

9. On that date, Defendant Michael Silva responded several times to calls for a domestic dispute involving Mrs. Medeiros' neighbors who lived next door to her.

10. On an earlier call, at approximately 3:30 p.m., Defendant Silva had asked for Mrs. Medeiros's assistance in the matter. He had brought Sophia Reaud, the female neighbor who was intoxicated, to Mrs. Medeiros's house and asked Mrs. Medeiros to "watch her" so that Corneto Cevallos, the male neighbor, can gather his belongings and move out without further incident.

11. At some point, Ms. Reaud returned to her house next door.

12. At approximately, 7:00 p.m., Mrs. Medeiros received a phone call from Ms. Reaud. She was crying. She asked that Mrs. Medeiros come over.

13. When Mrs. Medeiros went next door, she observed Somerville police officers Michael Silva and Lisa Shah in the hallway of Ms. Reaud's house. It appeared to Mrs. Medeiros that the officers were trying to get Ms. Reaud to the hospital but was having difficulty getting Ms. Reaud to go voluntarily. The officers, especially Defendant Silva, looked frustrated.

14. Mrs. Medeiros told Ms. Reaud in a supportive manner, "You need help, you need to go to a hospital" and advised Ms. Reaud to go with the police officers.

15. At this time, Mrs. Medeiros turned towards the officers and asked who made the 911 call.

16. Without any provocation, Defendant Silva demanded to know in an angry tone, "Why? Are you a doctor?"

17. Mrs. Medeiros explained to Defendant Silva that she was simply curious because the police had already been there earlier in the day and that the officer had asked Mrs. Medeiros to keep watch on Ms. Reaud.

18. As Mrs. Medeiros was explaining, Defendant Silva pushed her against the wall and twice told her to "shut the fuck up."

19. Mrs. Medeiros raised her hands above her head stating, "I have vertigo and I had knee surgery." Her family asked Defendant Silva to stop and informed him that Mrs. Medeiros is sick.

20. Defendant Silva responded, "I don't care what kind of problem she has."

21. Defendant Silva then took out his department issued Oleoresin Capsicum spray, aimed it at Mrs. Medeiros's face and threatened, "You don't want me to do it but I want to do it."

22. Defendant Silva then sprayed Mrs. Medeiros directly in her eyes.

23. Defendant Silva claimed later that Mrs. Medeiros encouraged him to spray her so he did.

24. Defendant Silva had no justification for using any force on Mrs. Medeiros. Even if he had a reason to touch Mrs. Medeiros, the force he used was unreasonable and excessive.

25. When the transport wagon arrived to take Mrs. Medeiros to the police station, she had difficulty climbing up the steps into the wagon due to her past knee surgery. Defendant Silva forcefully pushed Mrs. Medeiros into the wagon yelling, "Fat pig, you can do it."

26. At the Somerville police station, Mrs. Medeiros was booked, photographed and fingerprinted. Defendant Silva charged her with disorderly conduct, resisting arrest and assault and battery on a police officer.

27. After the booking, Mrs. Medeiros was placed in a cell. She was held for approximately two-and-a-half hours before she was bailed by her husband.

28. The next morning, on August 20, 2008, Mrs. Medeiros reported to court and was

arraigned on the false charges. Defendant Silva pursued the baseless charges knowing them to be false. Finally, on June 5, 2009, all of the charges were dismissed.

29. On August 19, 2008, the same date of the incident, Mrs. Medeiros's husband filed a citizen complaint against Defendant Silva regarding Defendant Silva's misconduct.

30. During the next two weeks, at least seven additional citizen complaints were filed against Defendant Silva by citizens who witnessed the incident.

31. Two years before the incident, the Somerville Police Advisory Group, led by former Attorney General Scott Harshbarger, Boston Police Commissioner Edward F. Davis III, Massachusetts State Police Superintendent Col. Thomas G. Robbins, and others, stated that the Somerville Police Department "should create a transparent civilian complaint process."

32. Despite the number of complaints and witnesses, and despite the recommendation by the Somerville Police Advisory Group, the City turned a blind eye to Defendant Silva's wrongdoing.

33. The City did not investigate the incident until almost two years later, and only after the original complaint in this civil action was filed.

34. Defendant Silva was the subject of other citizen complaints.

35. Numerous other Somerville police officers had also been subjects of citizen complaints, as well as defendants in civil rights lawsuits, alleging violation of rights to include the use of excessive and unreasonable force, making false arrests, and falsifying police reports.

36. Defendant City of Somerville failed to properly investigate complaints of misconduct by Defendant Silva and other police officers. The City had a policy or custom of indifference to misconduct by its police officers. The City had a policy or custom of tolerating use of unreasonable and excessive force and failing to properly supervise and discipline its officers.

37. As a result, Plaintiff suffered physical injuries and mental anguish.

**COUNT I:**     **42 U.S.C. § 1983, Fourth Amendment**

38. The above paragraphs are incorporated by reference.

39. Defendant Silva had no reason to use force against Plaintiff.

40. Defendant Silva used unreasonable force against Plaintiff.

41. Defendant Silva arrested Plaintiff without probable cause to believe that she had committed an offense.

42. Defendant Silva deprived Plaintiff of her clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the Constitution, to be free from unreasonable force, and to be free from unreasonable seizures of her person.

43. Defendant Silva acted with knowing or reckless disregard of Plaintiff's constitutional rights.

44. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the injuries described above.

**COUNT II:**     **Massachusetts Civil Rights Act, M.G.L. c.11, §12**

45. The above paragraphs are incorporated by reference.

46. Defendant Silva violated Plaintiff's rights under state and federal law to be free from unreasonable force and her right under state law to be free from malicious prosecution by threats, intimidation, and coercion.

47. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages as described above.

**COUNT III:  Claim under Massachusetts Law for False Imprisonment**

48. The above paragraphs are incorporated by reference.

49. Defendant Silva committed the common law tort of false imprisonment by causing the arrest and imprisonment of Plaintiff without probable cause.

50. As a direct and proximate result the plaintiff received the injuries as described above.

**COUNT IV:   Claim under Massachusetts Law for Tort of Assault and Battery**

51. The above paragraphs are incorporated by reference.

52. Defendant Silva committed the tort of assault and battery on the plaintiff.

53. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages as described above.

**COUNT V:   Claim under Massachusetts Law for Malicious Prosecution**

54. The above paragraphs are incorporated by reference.

55. Defendant Silva maliciously initiated criminal proceedings against Plaintiff despite an absence of probable cause.

56. The criminal action terminated in Mrs. Medeiros's favor when all of the criminal charges brought against her were dismissed.

57. As a direct and proximate result of Officer Silva's conduct, Plaintiff suffered damages associated with mounting a defense against baseless charges, including mental suffering during the ten-months the charges were pending against her.

**COUNT VI:   42 U.S.C. § 1983 *Monell* Claim Against the City of Somerville**

58. The above paragraphs are incorporated by reference.

59. Prior to August 19, 2008, the City of Somerville developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Somerville, which caused the violation of Mrs. Medeiros's constitutional rights.

60. It was the policy and/or custom of the City of Somerville to inadequately and improperly investigate citizens' complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of Somerville.

61. It was the policy and/or custom of the City of Somerville to inadequately supervise its officers, including defendant Silva, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

62. As a result of the above described policies and/or customs, police officers in the City of Somerville, including defendant Silva, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

63. The above described policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the City of Somerville to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE**, the plaintiff requests that this court:

1. Award compensatory damages;

2. Award punitive damages against Defendant Silva;

3. Award the costs of this action, including reasonable attorney's fees; and

4. Award such other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

                                        Respectfully submitted,
                                        MARIA MEDEIROS,
                                        By her attorney,

                                        /s/ Myong J. Joun
                                        Myong J. Joun
                                        BBO No. 645099
                                        420 Harvard Street
                                        Brookline, MA 02446
                                        Tel.: (617) 304-6186
                                        Fax: (866) 551-4983
Dated: September 29, 2010             Email: mjoun@massrights.com